HOUDINI INC., Plaintiff—Appellee,

v.

GOODY BASKETS LLC, Defendant—Appellant,

and

Richard Gabriel; et al., Defendants.

No. 05–55858.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2006.

Decided Feb. 13, 2006.

Edward R. Schwartz, Esq., Christie, Parker & Hale, Pasadena, CA, for Plaintiff—Appellee.

David L. Hoffman, Esq., Law Offices of David L. Hoffman, Valencia, CA, for Defendant—Appellant.

Before: THOMPSON, TROTT, and BEA, Circuit Judges.

## MEMORANDUM *

Goody Baskets appeals the district court's grant of a preliminary injunction enjoining it from using the phrase "Wine Country Gift Basket" in its domain name and advertising materials.[1] We have juris-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the factual and procedural history of this case, we will not include them here, except as necessary to explain our decision.

diction pursuant to 18 U.S.C. § 1292(a)(1) and we AFFIRM.[2]

■ The district court did not clearly err in determining there are serious questions regarding whether Houdini's mark is descriptive and has acquired secondary meaning. *See Filipino Yellow Pages v. Asian Journal Publ'ns*, 198 F.3d 1143, 1147 (9th Cir.1999); *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir.1985). Therefore, the district court did not clearly err in determining serious questions exist as to the merits of Houdini's trademark action. Goody Baskets does not appeal the district court's determination that the balance of hardships tips strongly in Houdini's favor. The district court, therefore, did not abuse its discretion in granting the preliminary injunction.[3]

■ In addition, the district court did not abuse its discretion in considering hearsay and biased evidence of actual confusion because the rules of evidence do not strictly apply to preliminary injunction proceedings. *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988); *Flynt Distrib. Co. v. Harvey*, 734

F.2d 1389, 1394 (9th Cir.1984). Finally, the district court properly determined Houdini's evidence of consumer confusion undercuts, but does not eliminate, Goody Basket's fair use defense. *See KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 125 S.Ct. 542, 160 L.Ed.2d 440 (2004).

The grant of the preliminary injunction by the district court is AFFIRMED.

---

2. "The grant of a preliminary injunction is reviewed for abuse of discretion, and that discretion is abused where the district court based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Roe v. Anderson*, 134 F.3d 1400, 1402 (9th Cir.1998) (internal quotation marks and citation omitted). "An abuse of discretion is 'a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and the effect of the facts as are found.'" *Int'l Jensen, Inc. v. Metrosound U.S.A. Inc.*, 4 F.3d 819, 822 (9th Cir.1993) (quoting *Wash. Capitols Basketball Club, Inc. v. Barry*, 419 F.2d 472, 476 (9th Cir.1969)).

3. Traditionally, a court may issue a preliminary injunction if it determines: (1) the moving party will probably prevail on the merits; (2) the moving party will suffer irreparable injury if the relief is denied; (3) the balance of

potential harm favors the moving party, and, in some cases; (4) granting relief is in the public interest. *Int'l Jensen, Inc. v. Metrosound U.S.A. Inc.*, 4 F.3d 819, 822 (9th Cir. 1993). This court has adopted an "alternative standard" under which the trial court "essentially ... must balance the equities in the exercise of its discretion." *Id.*

> [Under this standard,] the moving party may meet its burden by demonstrating *either:* (1) a combination of probable success on the merits and the possibility of irreparable injury if relief is not granted; or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor.

